Dolan, P.J.
This is an action in which the plaintiff builder seeks to recover damages against defendant homeowners for labor and materials provided during a renovation project at defendants’ residence in Weymouth. The plaintiff seeks recovery under several theories, including breach of contract and quantum *104 meruit. The defendants deny liability and by way of counterclaim seek recovery of damages pursuant to breach of contract, misrepresentation and violation of G.L.c. 93A, §9.
The court found for the defendants on plaintiffs claim and for them on their counterclaim. Plaintiff has appealed arguing, among other things, that the court made an error in applying G.L.c. 93, §48 to its quantum meruit claim. We agree and vacate the judgments.
The report indicates that the plaintiff, as result of a prior conversation, sent a representative on October 5,1990 to meet with the defendants at their home to discuss a home renovation project. There, the defendants entered into a contract with the plaintiff to construct a second story addition to their home. The contract did not contain a provision notifying defendants of a right to cancel the agreement within three business days.
The contract, in essence, provided that plaintiff would provide the labor and materials necessary to complete the project. In consideration of this agreement the defendants agreed to give plaintiff a $4,000.00 deposit. In addition, each week plaintiff would bill the defendants for labor and material charges. The monies owed were to be paid on the day of presentment.
After submitting work plans, a building permit was secured from the Weymouth Building Department and construction began October 9, 1990. Three weeks into the project, and after the existing roof had been removed, the defendants’ home sustained water damage from rainfall. The defendants at that time learned that plaintiff was not insured for the loss.
On the Monday following the discovery of the insurance problem, the defendants called upon the town building department to inspect the project’s compliance with the plans submitted and the building permit granted. The inspector reported that one end of a steel beam that spanned the length of the house was improperly placed into an active chimney. According to the inspector this was a violation of the Massachusetts State Building Code and not in conformity with the plans submitted. The inspector informed the defendants that the beam would need to be relocated and a plan showing conformity with building code submitted.
On the following day, the plaintiff’s crew returned to the job site. The defendants informed plaintiff that the crew would not be allowed back onto the job. The defendants, through their attorney, followed up with a letter advising plaintiff they were exercising their right of cancellation, pursuant to G.L.c. 93, §48. Plaintiff asked that it be allowed a chance to correct the problems. The defendants declined to accept the request and had the beam placement corrected and other work repaired by another contractor. The project was thereafter completed.
The defendants paid plaintiff a total of $20,702.36. The bill submitted on October 26, 1990, representing that week’s material charges of $3,254.32 and $4,358.00 in labor expenses, was not paid except for a $648.00 in labor charges paid by the defendants directly to a relative who worked for plaintiff. An additional bill of $228.74 which represented non-returnable goods was presented but not paid.
The court ruled that G.L.c. 93, §48 was applicable to this case.[2] It is apparent that the exercise of the right of timely cancellation pursuant to statute extinguishes all rights under the written contract, thus relieving both parties from further performance with no penalty attaching to the buyer. Continental Products, Inc. v. Oliveira, 1978 Mass. App. Dec. Adv. Sh. 380, 386. We agree that the statute is *105 applicable to this contract claim and bars recovery on this claim.
The quantum meruit claim, however, is not barred. Our division has ruled that it does not offend the policies behind G.L.c. 93, §48 to recognize the right of the seller to recover in quasi-contract. This doctrine does not protect contract rights; it serves to prevent unjust enrichment. Id. at 386. The measure of damages is not the value of the work performed. That measure of damages is precluded by G.L.c. 93, §48J. Rather the measure of damages is the value of the benefit conferred to the buyer. In many cases this remedy will be substantially less than the contract price; in others there may be no recovery at all. Id. at 389.
The judgments are vacated. The case is returned to the Quincy Division of the District Court Department for a new trial.
So ordered.

G.L.c. 93, §48 provides a three day right of cancellation to the buyer when an agreement for the rendering of service primarily for personal, family or household purposes in excess of $25 in value is consummated by a party thereto at a place other than the address of the seller. Notice of this right to cancel must be contained in the agreement. Failure to include this required term in the agreement gives the buyer the right to cancel said agreement until the omitted term is provided.